IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

GENERAL ELECTRIC CAPITAL CORPORATION                              PLAINTIFF

vs.                              NO: 2:08CV00042BSM

HOUSE MANUFACTURING COMPANY, INC., ET AL.           DEFENDANTS

**ORDER**

Pending before the court is plaintiff's motion for summary judgment [Doc. No. 25]. Defendants have not responded. For the reasons set forth below, the motion in granted.

I.  BACKGROUND

On December 29, 1998, House Manufacturing Company, Inc.("House, Inc.") executed and delivered to plaintiff General Electric Capital Corporation ("GE Capital) a Master Lease Agreement ("Lease Agreement") with Machine Tools Equipment Schedule No. 1 ("Schedule No. 1") whereby House, Inc. agreed to lease certain equipment.  Contemporaneously with execution of the Lease Agreement and Schedule 1, Barry L. House ("House") executed and delivered to GE Capital an Individual Guaranty ("Guaranty"), personally guaranteeing House, Inc.'s obligation to GE Capital under the Lease Agreement and Schedule 1.  In addition, House guaranteed to pay GE Capital all losses, costs, attorneys' fees, and other expenses GE Capital incurred by reason of defendants' default.

From January 20, 1999 to April 15, 2002,  House, Inc. executed and delivered to GE Capital Machine Tools Equipment Schedules 2 through 11, 13 and 14 to the Lease Agreement, whereby House, Inc. agreed to lease additional equipment.  On April 7, 2005,

at the request of House, Inc., GE Capital agreed to modify the terms of the Lease Agreement and Schedule No. 1-11, 13, and 14, and entered into a Restructure Agreement, in which House, Inc., agreed that except as expressly modified, all other terms and conditions of the Lease Agreement would remain in full force and effect.  On June 22, 2006, and October 26, 2007, at the request of House, Inc., GE Capital agreed to amend certain terms of the Restructure Agreement, with all other terms and conditions not amended to remain in full force and effect.

The Lease Agreement provides that the lessee is in default if it breaches it obligation to pay rent or any other sum when due and fails to cure the breach within ten days.  In the event of a default, GE Capital has the right to take possession of the equipment and the lessee shall immediately pay as liquidated damages the stipulated loss value of the equipment and all rents and other sums then due under the agreement and all schedules.

In December 2007, House, Inc. defaulted on the Lease Agreement, Schedules 1-11, 13, and 14, and Restructure Agreements by failing to pay a periodic monthly payment as it came due and by failing to pay subsequent monthly payments as they became due. House default on the Guaranty by failing to cure House, Inc.'s defaults upon demand.

On February 19, 2008, GE Capital notified defendants of the default and demanded payment of the past due installments, plus accumulated late changes in the total amount of $157,591.15 by February 29, 2008, or GE Capital would pursue all its available rights and remedies under the agreements.  Defendants agreed to voluntarily surrender the equipment,

but GE Capital again demanded payment of the $157,591.15 due.

Despite GE Capital's demand, defendants have refused to cure the defaults and pay the outstanding balance due under the Lease Agreement, the Schedules, and the Second Amendment to the Restructure Agreement. Due to the default, GE Capital declared immediately due and payable the stipulated lease value, late charges and property taxes provided under the Lease Agreement, the Schedules and the Second Amendment to the Restructure Agreement.

On March 18, 2008, GE Capital provided defendants with buyout letters for 13 Schedules under the Lease Agreement and Second Amendment to the Restructure Agreement. The Lease Agreement and the Schedules, as modified by the Second Amendment to the Restructure Agreement, and the Guaranty provide for a right of immediate possession of the equipment by GE Capital upon default in payment or other default by defendants. The Lease Agreement also provides that GE Capital is entitled to its actual attorneys' fees incurred with the enforcement of GE Capital's rights and remedies under the Lease Agreement. GE Capital has performed all of its obligations under the Lease Agreement, Schedules, Restructure Agreements and the Individual Guaranty.

GE Capital filed a complaint on April 1, 2008, asserting various causes of action against defendants including claims for breach of contract and an order of delivery under Ark. Code Ann. §§ 18-60-804 - 810, 20 U.S.C. §1652 and Fed. R. Civ. P. 64. GE Capital filed a motion for order to show cause on April 23, 2008, requesting that the property be

seized and delivered.

The court signed a consent order for delivery of property on June 13, 2008; the order was returned on June 30, 2008. Defendants returned the property to GE Capital, which was subsequently sold at auction for total sale proceeds of $222,011.09.

As a result of the default under the Lease Agreement and the Schedules, GE Capital is entitled to the following:

> (1) Schedule No. 1: stipulated loss of $283,026.76, plus late fees of $10,347.15, and property taxes of $1,902.25, totaling $295,276.16, less the sale proceeds of the Equipment of $40,946.54, resulting in an overall deficiency of $254,329.62.
>
> (2) Schedule No. 2: stipulated loss of $22,547.15, plus late fees of $936.53 and property taxes of $37.14 totaling $23,520.82, less the sale proceeds of the Equipment of $439.46, resulting in an overall deficiency of $20,081.36.
>
> (3) Schedule No. 3: stipulated loss of $134,225.36, plus late fees of $5,554.09 and property taxes of $925.77 totaling $140,705.22, less the sale proceeds of the equipment of $19,928.21, resulting in an overall deficiency of $120,777.01.
>
> (4) Schedule No. 4: stipulated loss of $98,785.59, plus late fees of $6,923.65 totaling $105,709.24, less the sale proceeds of the equipment of $19,531.53, resulting in an overall deficiency of $86,177.71.
>
> (5) Schedule No. 5: stipulated loss of $372,642.93, plus late fees of $20,124.42 and property taxes of $6,981.69 totaling $399,749.04, less the sale proceeds of the equipment of $64,398.64, resulting in an overall deficiency of $335,350.40.
>
> (6) Schedule No. 6: stipulated loss of $120,401.07, plus late fees of $8,344.04 and property taxes of $2,805.12 totaling $131,440.23, less the sale proceeds of the equipment of $25,667.30, resulting in an overall deficiency of $105,882.93.
>
> (7) Schedule No. 7: stipulated loss of $94,152.03, plus late fees of $5,048.90

and property taxes of $1,931.67 totaling $101,132.60, less the sale proceeds of the Equipment of $14,063.33, resulting in an overall deficiency of $87,069.27.

(8) Schedule No. 8: stipulated loss of $16,975.88, plus late fees of $855.28 and property taxes of $151.19 totaling $17,982.35 less the sale proceeds of the equipment of $2,544.61, resulting in an overall deficiency of $15,437.74.

(9) Schedule No. 9: stipulated loss of $39,418.28, plus late fees of $2,136.08 and property taxes of $339.42 totaling $41,893.78, less the sale proceeds of the Equipment of $5,712.60, resulting in an overall deficiency of $36,181.18.

(10) Schedule No. 10: stipulated loss of $37,585.06, plus late fees of $1,924.97 and property taxes of $643.09 totaling $40,153.12, less the sale proceeds of the equipment of $5,262.66, resulting in an overall deficiency of $34,890.46.

(11) Schedule No. 11: stipulated loss of $35,069.35, plus late fees of $1,598.02 and property taxes of $630.20 totaling $37,297.57, less the sale proceeds of the Equipment of $4,672.93, resulting in an overall deficiency of $32,624.64.

(12) Schedule No. 13: stipulated loss of $49,790.51, plus late fees of $3,498.38, totaling $53,288.89, less the sale proceeds of the equipment of $8,399.57, resulting in an overall deficiency of $44,889.32.

(13) Schedule No. 14: stipulated loss of $63,918.98, plus late fees of $4,139.13 totaling $68,058.06, less the sale proceeds of the equipment of $7,444.60, resulting in an overall deficiency of $60,613.46.

The total deficiency balance remaining on all of the schedules under the account after the credit of the sale proceeds is $1,234,305.08. GE Capital claims that it is entitled to the deficiency balance in that amount plus interest, costs and attorneys' fees.

## II.  SUMMARY JUDGMENT STANDARD

"Summary judgment is proper if, after viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmovant, no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law." *Nelson v. Corr. Med. Servs.*,

533 F.3d 958, 961 (8th Cir. 2008) (citing Fed. R. Civ. P. 56; *Brown v. Fortner*, 518 F.3d 552, 558(8th Cir. 2008)).

The moving party must demonstrate "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party demonstrates that the record does not disclose a genuine dispute on a material fact, the non-moving party may not rest on mere allegations or denials of his pleading but must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). "The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy." *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007) (citations and internal quotation omitted).

"Moreover, 'the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.' [Plaintiff as the non-movant] must demonstrate a genuine issue of material fact, that is a dispute that might 'affect the outcome of the suit under the governing law,' so that 'a reasonable jury could return a verdict for the nonmoving party." *Bloom v. Metro Heart Group of St. Louis, Inc.*, 440 F.3d 1025, 1028-29 (8th Cir. 2006) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1985)).

In considering a motion for summary judgment, the court views the evidence and

draws all reasonable inference in the light most favorable to the nonmoving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). However, the plain language of Rule 56 mandates the entry of summary judgment against a non-moving party who, after adequate time for discovery, fails to make a showing sufficient to establish the existence of an element essential to its case, and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322.

### III. DISCUSSION

The court finds that GE Capital is entitled to summary judgment on its breach of contract claim. The Master Lease Agreement and all subsequent amendments provide that Connecticut substantive law governs. Under Connecticut law, to prevail on its breach of contract claim, GE Capital must prove: (1) formation of an agreement; (2) performance by one party; (3) breach of the agreement by the other party; and (4) damages. *Whitaker v. Taylor*, 916 A.2d 834, 891 (Conn. App. Ct. 2007) (*citing Chiulli v. Zola*, 905 A.2d 1236, 1243 (Conn. App. Ct. 2006)).

There is no dispute that (1) GE Capital and defendants entered into an agreement, which consisted of the Master Lease Agreement, the Schedules, the Restructure Agreement and the Guaranty which required House, Inc. to lease equipment from GE Capital and to pay installments on the leased equipment when due; (2) GE Capital performed all the duties required of it under the contract; (3) defendants materially breached the contract by failing to pay installments when due and by failing to timely cure the default; and (4) GE Capital has

sustained liquidated damages in the amount of $1,234,305.08 as a result of defendants' default and breach of contract.

GE Capital also claims prejudgment and post-judgment interest, attorneys' fees and costs as provided in the Master Lease Agreement, the Schedules, the Restructure Agreement and the Guaranty. GE Capital is entitled to reasonable attorneys' fees by virtue of the contract. *See Storm Assocs., Inc. v. Baumgold*, 440 A.2d 306, 245 (Conn. 1982) (plaintiff derives right to recover attorney's fee from contract); *Litton Indus. Credit Corp. v. Cantanuto*, 394 A.2d 191, 194 (Conn. 1978) (attorneys' fees by defaulting party recoverable solely as contract right).

GE Capital has submitted an affidavit for attorneys' fees seeking $18,620.77 in attorneys' fees and expenses. The court has reviewed the affidavit and finds that the amount requested is reasonable.

GE Capital also seeks prejudgement interest. "In a diversity case, the question of prejudgment interest is controlled by state law." *Trinity Prods., Inc. v. Burgess Steel, L.L.C.*, 486 F.3d 325, 335 (8th Cir. 2007). Connecticut law governs the calculation of breach of contract damages, including pre-judgment interest. *See Stauffer Chem. Co. v. Keysor-Century Corp.*, 541 S Supp. 234, 238 (D. Del. 1982) (contract's choice-of-law provision which selected Connecticut local law controlled calculation of breach of contract damages). Under Connecticut law, "interest at the rate of ten per cent a year . . . may be recovered and allowed in civil actions . . as damages for the detention of money after it becomes payable." Conn.

Gen. Stat. Ann. § 37-3a(a).

"Prejudgment interest in accordance with § 37-3a normally is awarded for money wrongfully withheld. . ." *Ceci Bros., Inc. v. Five Twenty-One Corp.*, 840 A.2d 578, 585 (Conn. App. Ct. 2004). Prejudgment interest should be awarded if equitable considerations deem that it is warranted. *Id*. It "has been applied to breach of contract claims for liquidated damages, namely, where a party claims that a specified sum under the terms of a contract, or a sum to be determined by the terms of the contract, owed to that party has been detained by another party ..." *Id*. "If the trial court determines that one party has wrongfully detained funds, it must next determine the date the wrongful detention began. Where the claim rests on a breach of contract, statutory interest accrues from the date the contract was breached." *Patron v. Konover*, 646 A.2d 901, 907 (Conn. App. Ct. 1994).

It is undisputed that defendants defaulted under the terms of the Lease Agreement and that GE Capital has sustained liquidated damages in the amount of $1,234,305.08. Defendants defaulted on the agreement on December 11, 2007 and to date have remained in default. The court finds that defendants have wrongfully withheld money owed by them to GE Capital and failed to cure their default. The court, therefore, finds that GE Capital is entitled to prejudgment interest from defendants jointly and severally as an element of its damages, in the amount of ten percent a year from December 11, 2007 to the date of the Judgment.

The court further finds that GE Capital is entitled to post-judgment interest against defendants jointly and severally at the statutory rate. 28 U.S.C.§ 1961.

## IV.  CONCLUSION

GE Capital's motion for summary judgment is granted.  GE Capital shall recover from defendants, jointly and severally, damages in the amount of $1,234,305.08 plus pre-judgment interest on that amount at the rate of ten (10) percent, from December 11, 2007 to the entry of judgment; attorneys' fees and costs in the amount of $18,620.77; and post-judgment interest on the judgment amount at the statutory rate from the date of judgment until the judgment is satisfied.  Judgment will be entered accordingly.

IT IS SO ORDERED this 28th day of July, 2009.

_____
UNITED STATES DISTRICT JUDGE